**In re Susan STEINFELD, d/b/a Denim Center, Debtor.**

**Bankruptcy No. 86-5071.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 21, 1987.

Patti W. Medearis, Tampa, Fla., for debtor.

Robert S. Schumaker, St. Petersburg, Fla., for Maximo Plaza.

**ORDER REGARDING DAMAGES INCURRED BASED ON VIOLATION OF THE AUTOMATIC STAY**

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest to determine

the amount of damages incurred by Susan Steinfeld, d/b/a Denim Center, the Debtor in this Chapter 11 case, as a result of a violation of the automatic stay by Maximo Plaza Associates Limited Partnership (Landlord), the Debtor's landlord, pursuant to § 362(h) of the Bankruptcy Code. The Court has considered the Motion together with the record, has heard arguments of counsel, and finds as follows:

■ The determination of damages is pursuant to this Court's prior order holding that the Landlord had willfully violated the automatic stay when it locked the Debtor out of her place of business post-petition. It appears that subsequent to the lock-out, this Court also ordered in part that the Landlord return the Debtor's property locked in the store and imposed sanctions in the amount of $500.00 to reimburse the Debtor for attorney's fees incurred. It further appears that while part of the Debtor's property was returned, the Debtor did not receive current lists of inventory, register tapes, receipts, goods held on lay-a-way, a cash register, display bins, three collapsible dressing rooms and counters, various types of racks, a sewing machine, cash, and miscellaneous items of equipment, fixtures, and furnishings and personal items of the Debtor. Additionally, the Debtor's attempts to recover these items from the Landlord have been unsuccessful.

■ The only evidence introduced at the final hearing regarding the value of the above listed items was the testimony of the Debtor. It is the contention of the Landlord that this unsubstantiated testimony provides an insufficient basis for this Court to award damages. However, as the Landlord has prevented the Debtor from obtaining all her books and records to substantiate this testimony, the Debtor should not be made to suffer.

Based on the foregoing, this Court is satisfied that the value of the items not recovered by the Debtor is $12,000.00 and the Debtor is entitled to receive this amount in damages, in addition to $2,156.00 as compensation for attorney's fees incurred. Further, this Court is satisfied that the Debtor should be awarded $2,000.00 in punitive damages based on the Landlord's reckless disregard for the law and the security of the Debtor's property.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Susan Steinfeld shall be awarded damages and attorney's fees in the amount of $16,156.00, and that Maximo Plaza Associates Limited Partnership shall pay this amount within 30 days of the date of the entry of this Order. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event Maximo Plaza Associates Limited Partnership should fail to make payment to Susan Steinfeld within 30 days of the date of this Order, this Court will enter an appropriate Order thereon.